# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RICHARD LEE RECTOR, SR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) | Case No. 4:15-CV-1394 NAB |

## **MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying Richard Lee Rector, Sr.'s application for disability insurance benefits under the Social Security Act, 42 U.S.C. § 423 *et seq.* Rector alleged disability due to side effects from stroke, memory loss, high social anxiety, blindness in right eye, shattered and shorter right leg, hip problems, walking distances, stress, and weakness on left side. (Tr. 286.) The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 8.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcripts and the medical evidence. The Court heard oral argument in this matter on August 30, 2016. For the reasons set forth below, the Court will affirm the Commissioner's final decision.

## I.   Issues for Review

Rector presents two issues for review. First, he states that the administrative law judge (ALJ) erred in finding that his right eye blindness was not a severe impairment. Second, Rector contends that the ALJ erred in determining the weight given to his treating physician's medical

opinion. The Commissioner asserts that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

## II. Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole to consider:

> (1) The findings of credibility made by the ALJ;
>
> (2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physician;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare,* 623 F.2d 523, 527 (8th Cir. 1980).

### III. Discussion

#### A. Severity of Impairments

First, Rector contends that the ALJ should have found that his right eye blindness was a severe impairment. The ALJ found that Rector had the severe impairments of stroke residuals, degenerative disc disease, depression, and social anxiety. (Tr. 30.) After the ALJ has determined that a claimant is not engaged in substantial gainful activity, the ALJ then determines whether the claimant has a severe impairment or combination of impairments that has or is expected to last twelve months or will result in death. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(i)-(ii). A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by the claimant's statement of symptoms. 20 C.F.R. § 404.1508. To be considered severe, an impairment must *significantly* limit a claimant's ability to do basic work activities. *See* 20 C.F.R § 404.1520(c). "Step two [of the five-step] evaluation states that a claimant is not disabled if his impairments are not 'severe.'" *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (citing *Simmons v. Massanari,* 264 F.3d 751, 754 (8th

Cir. 2001). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Id.* at 707. "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two." *Id.* (citing *Page v. Astrue,* 484 F.3d at 1043). "It is the claimant's burden to establish that his impairment or combination of impairments are severe. *Kirby*, 500 F.3d at 707 (citing *Mittlestedt v. Apfel,* 204 F.3d 847, 852 (8th Cir. 2000)). "Severity is not an onerous requirement for the claimant to meet, . . . but it is also not a toothless standard." *Kirby*, 500 F.3d at 708.

The ALJ found that Rector's right eye blindness was not a severe impairment, because the records and testimony show that he engaged in substantial gainful activity for many years with his blindness and the impairment did not impact his ability to perform gainful work activity. (Tr. 31.) Rector asserts that his right eye blindness became worse due to his cerebrovascular accident and he continued to experience visual difficulties, dizziness, and balance issues long after his stroke. Rector testified that after his stroke, his depth perception is non-existent and almost tunnel vision. (Tr. 73.) Rector contends that the combination of his right eye blindness and the vision or neurological issues following the stroke impacted his overall vision and perceptual functioning.

Based upon a careful review of the record, the Court finds that the ALJ did not err in finding that Rector's right eye blindness was not a severe impairment. The record indicates that Rector has been blind in his right eye since childhood. (Tr. 73.) Despite his blindness, Rector worked successfully for many years, including after the alleged onset date of July 24, 2012. Although Rector alleges vision difficulties, the record reflects that he only had one eye examination. (Tr. 352-53.) During that eye examination, Rector reported that he drove and he

experienced glare during driving. (Tr. 352.) He reported that he had recently begun wearing glasses. (Tr. 353). He also reported symptoms of itching, excess tearing, burning, glare/light sensitivity, eye pain or soreness, and flasher/floaters in vision. (Tr. 352.) The vision in Rector's left eye was 20/20 and 20/400 in the right eye. (Tr. 353.) Notably, in the record, Rector does not contend that he was unable to do any work activities due to his vision. He makes substantial complaints about limitations due to back and knee pain and anxiety. (Tr. 72, 296.) In May 2013, Rector reported to the Social Security Administration that there was no significant change in his vision since his stroke and identified his mental health issues and pain when walking and standing as barriers to working. (Tr. 296.) When testifying regarding the reasons why his employment ended, Rector never alleges any limitations regarding his vision. (Tr. 83-96.) Where a claimant a worked with an impairment for years, there must be evidence of deterioration for it to be considered a severe impairment. *See Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) (fact that claimant worked for three years after stroke coupled with absence of evidence of significant deterioration of condition, demonstrate that claimant's impairments were not disabling); *Cockerham v. Sullivan*, 895 F.2d 492, 496 (8th Cir. 1990) (finding of no severe impairment where claimant's blindness in one eye remained unchanged since birth and claimant held several jobs despite condition); *Sutton v. Colvin*, No. 4:13-CV-1035 TIA, 2014 WL 4352045 at *11 (E.D. Mo. Sept. 2, 2014) (no error where ALJ found that claimant's blindness since age two was not a severe impairment when claimant was able to drive and work for several years with the condition). Rector has not met his burden to show that his right eye blindness was a severe impairment. Therefore, the Court finds that the ALJ's determination that Rector's right eye blindness was not a severe impairment is supported by substantial evidence in the record as a whole.

### B. Dr. Barbin's Medical Opinion Evidence

Next, Rector contends that the ALJ failed to give the appropriate weight to the medical opinion of his treating physician, Dr. Jennifer Barbin. "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis and prognosis, and what the claimant can still do despite her impairments and her physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). All medical opinions, whether by treating or consultative examiners are weighed based on (1) whether the provider examined the claimant; (2) whether the provider is a treating source; (3) length of treatment relationship and frequency of examination, including nature and extent of the treatment relationship; (4) supportability of opinion with medical signs, laboratory findings, and explanation; (5) consistency with the record as a whole; (6) specialization; and (7) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c). Generally, a treating physician's opinion is given controlling weight, but is not inherently entitled to it. *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006). A treating physician's opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Leckenby v. Astrue*, 487 F.3d 626, 632 (8th Cir. 2007). A treating physician's opinion will be given controlling weight if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 404.1527(c); SSR 96-2p; *see also Hacker*, 459 F.3d at 937. "Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must 'always give good reasons' for the

particular weight given to a treating physician's evaluation." *Prosch v. Apfel,* 201 F.3d 1010, 1013 (8th Cir. 2000).

In this case, the ALJ gave little evidentiary weight to the opinion and findings contained in a questionnaire from the Social Security Administration. Dr. Barbin treated Rector between January 2013 and February 2014 for hyperlipidemia, cerebrovascular accident, irritability, anger, musculoskeletal pain in the hips, knees, and back; disc displacement in the lumbar spine, numbness and tingling of hands, and physical deconditioning. (Tr. 358-62, 406-409, 416-423, 455-486.) In the questionnaire, Dr. Barbin wrote responses to questions from the Social Security Administration. (Tr. 415.) She described Rector's gait as left sided weakness, left foot drag, unbalanced, limps, complains of pain, and numbness of lower left extremity. (Tr. 415.) She stated that Rector had tenderness to his bilateral hips. (Tr. 415.) She indicated that Rector's anxiety and depression had increased and he had poor coping skills, because he was easily angered and irritated. (Tr. 415.) Dr. Barbin also wrote that Rector's pain and gait disturbance had increased since returning to work. (Tr. 415.) She stated that Rector complained of increased bilateral hip pain, visual disturbances, increasing depression, anger, and crying spells. (Tr. 415.) She stated that Rector stated he had difficulty with concentration. (Tr. 415.) The ALJ discounted Dr. Barbin's opinion for two reasons. The ALJ found that Dr. Barbin's opinion was based on the "claimant's subjective reports." (Tr. 37.) The ALJ stated that Dr. Barbin's treatment records did not note ongoing or significant objective medical findings of neurological deficits, abnormal gait, joint deformities, loss of movement, decreased muscle strength, or mental status changes. (Tr. 37.)

After a careful review of the record, the Court finds that the ALJ's decision to grant little weight to Dr. Barbin's opinion was not erroneous. First, Dr. Barbin's opinion does consist

primarily of Rector's subjective complaints. Second, the objective medical evidence does not indicate a disabling level of limitations. (Tr. 410-13.) Third, Dr. Barbin's treatment notes indicate during medical examinations, Rector had a normal appearance overall with mild pain and mild limited range of motion in the hips and right knee or normal findings. (Tr. 408, 418, 422, 457, 463, 469, 476, 482.) Finally, Rector's activities of daily living also failed to indicate the existence of disabling impairments. Therefore, the Court finds the ALJ did not err in the evaluation of Dr. Barbin's opinion.

## IV. Conclusion

A review of the record as a whole demonstrates that Rector has some restrictions in his functioning and ability to perform work related activities, however, he did not carry his burden to prove a more restrictive RFC determination. *See Pearsall*, 274 F.3d at 1217 (it is the claimant's burden, not the Social Security Commissioner's burden, to prove the claimant's RFC). Therefore, the Commissioner's decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 13.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

Dated this 30th day of August, 2016.

/s/ Nannette A. Baker  
NANNETTE A. BAKER  
UNITED STATES MAGISTRATE JUDGE